UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                      Case No. 21-CR-5 (BHL)

JOHN D. WHELAN,

Defendant.

## UNITED STATES' COMBINED MOTION FOR COMPETENCY HEARING & PSYCHIATRIC EXAMINATION / RESPONSE TO INSANITY NOTICE

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and Julie Stewart and Kevin Knight, Assistant United States Attorneys, hereby respectfully submits this combined (i) motion for a competency hearing (pursuant to Title 18, United States Code, Section 4241) and psychiatric examination (pursuant to Title 18, United States Code, Sections 4241 and 4242) and (ii) response to Defendant John D. Whelan's Notice of Intention to Raise Insanity Defense and/or Expert Testimony of Defendant's Mental Condition Pursuant to Rule 12.2. *See* Dkt. No. [65] (hereinafter the "Notice").

***

Defendant Whelan's Notice is untimely.

Federal Rule of Criminal Procedure 12.2(a) provides, in pertinent part, that a defendant must submit written notice of an insanity defense "within the time provided

for filing a pretrial motion[.]" Pretrial motions were due in this case on June 25, 2021. *See* Dkt. No. [14]. Defendant Whelan first sent government counsel written notice of his intent to raise an insanity defense over a year later, on October 25, 2022.[1]

But the Court should forgo ruling on the Notice's timeliness for now, because there is a more immediate problem. In written correspondence with government counsel, Dr. Gerald Shiener—an expert witness retained by Defendant Whelan—notes that, in his opinion, Defendant Whelan is not competent to stand trial.

The defendant's competency is a first-order question that must be resolved before the Court can address the viability of any affirmative defenses, including insanity.

The government therefore requests that the Court (i) set a counsel-only status conference in the coming days to discuss these issues, schedule a competency hearing, and confer regarding a new potential trial date; (ii) order a psychiatric examination of Defendant Whelan, to be conducted by the Bureau of Prisons and completed prior to the requested competency hearing, to determine both Defendant Whelan's competency and his capacity to understand the nature and quality or the wrongfulness of his conduct; and (iii) forego ruling on the Notice's timeliness until Defendant Whelan's competency hearing is completed.

\*\*\*

---

[1] To be sure, Rule 12.2's timing requirement contains an exception for "good cause." Defendant Whelan suggests good cause exists because the government recently returned certain funds to him, and he needed those funds to retain Dr. Shiener. *See* Dkt. No. [65]. This argument misses the mark because, *inter alia*, an examination is not required before filing a notice under Rule 12.2(a). In any event, the Court should not decide now whether the "good cause" exception applies, given the parallel competency concerns discussed here.

## I.    Background

Defendant Whelan (a medical doctor) and his co-defendant Tina Montezon (a nurse) saw "patients" at a fraudulent "clinic" set up in Defendant Montezon's house on Saturdays beginning in 2018. At this fraudulent "clinic," the defendants collected cash in exchange for prescriptions for controlled substances. Individuals were given these prescriptions without any medical analysis and without a physical or mental examination. Indeed, some individuals simply picked up pre-signed prescriptions in exchange for cash without seeing Defendant Whelan at all. For his part, Defendant Whelan deposited approximately $285,000 in proceeds generated from this fraudulent "clinic" into his personal bank accounts from January 2018 to October 2020.

Given that misconduct, the defendants were indicted for conspiring to distribute controlled substances outside the course of a professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); and making false statements to federal agents, in violation of 18 U.S.C. § 1001. *See* Dkt. No. [1]. They were arraigned in January 2021 and pled not guilty. *See* Dkt. No. [5].

Magistrate Judge Nancy Joseph then designated the case complex, Dkt. No. [9], and set a pretrial motions deadline of June 25, 2021, Dkt. No. [14].

No motions were filed by this June 2021 deadline, and the referral to Magistrate Judge Joseph ended on July 13, 2021. *See* Minute Entry of 7/13/2021.

After some false starts relating to expert witness issues, this Court set a trial date of February 27, 2023. *See* Dkt. No. [62].

3

On October 25, 2022, Defendant Whelan's counsel sent government counsel correspondence expressing Defendant Whelan's intention to raise an insanity defense at trial. Appended to defense counsel's letter was a report by Dr. Gerald Shiener, who concluded that (i) Defendant Whelan was not able to understand the nature and quality or wrongfulness of the misconduct described in the indictment; and (ii) Defendant Whelan was not competent to stand trial in this matter.

The parties conferred regarding this correspondence on October 26, 2022, and October 31, 2022.

On October 31, 2022, Defendant Whelan's counsel filed the Notice, which reflects his intention to raise an insanity defense at trial. *See* Dkt. No. [65]. The Notice does not address Dr. Shiener's conclusion that Defendant Whelan is not competent to stand trial. *Id.*

On November 1, 2022, the Court asked the government to file a response to the Notice. *See* Dkt. No. [66]. The government was specifically instructed to address whether it objects to the Notice as untimely and what effect, if any, the Notice has on the February 2023 trial date. *Id.*

This combined submission follows.

II.     **Argument**

As more fully explained below, the government believes that the Court should (i) set a counsel-only status conference in the coming days to discuss these issues, schedule a competency hearing, and confer regarding a new potential trial date; (ii) order a psychiatric examination of Defendant Whelan, to be conducted by the Bureau of Prisons

4

and completed prior to the requested competency hearing, to determine both Defendant Whelan's competency and his capacity to understand the nature and quality or the wrongfulness of his conduct; and (iii) forego ruling on the Notice's timeliness until Defendant Whelan's competency hearing is completed.

## A.    The Law of Competency

The Court "may not put a criminal defendant on trial unless he is competent at the time of trial." *United States v. Wessel*, 2 F.4th 1043, 1053 (7th Cir. 2021). Competency, at bottom, is concerned with whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation omitted). The "procedure and test for evaluating competency are codified at 18 U.S.C. § 4241." *Id.*

Section 4241 provides that after the commencement of a prosecution, government counsel may move for a hearing to determine the defendant's mental competency. *See* 18 U.S.C. § 4241(a). At that point, the Court "shall" grant the motion for a competency hearing if there is "reasonable cause" to believe that the defendant is not competent. *Id.*

Prior to the hearing the Court "may" order that a psychiatric or psychological examination be conducted and that a related report be filed with the Court. *See* 18 U.S.C. § 4241(b). The examiner should be asked for their opinion as to whether the defendant is suffering from a mental disease or defect, rendering the defendant mentally incompetent to understand the nature and consequences of the proceedings against him or to assist

5

properly in his defense. The examiner's report must include all the information required by 18 U.S.C. § 4247(c)(1) through (c)(4).

To secure a Section 4241 competency examination, the Court may, if necessary, order the defendant committed to a suitable hospital or facility for a reasonable period not to exceed thirty days, even if the defendant is not otherwise confined. *See* 18 U.S.C. § 4247(b).

After the examiner's report is submitted, the Court should hold an evidentiary hearing, to be conducted pursuant to the provisions of 18 U.S.C. § 4247(d). If the Court finds by a preponderance of the evidence that the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent . . . the court *shall* commit the defendant" to the Attorney General's custody so that competency might be restored. *Id.* at § 4241(d) (emphasis added).

## B. The Law of Insanity

It is an affirmative defense to the instant charges if Defendant Whelan can establish, by clear and convincing evidence, that he was unable to appreciate the nature and quality or the wrongfulness of his acts because of a severe mental disease or defect. *See* 18 U.S.C. § 17(a).

A defendant seeking to invoke this "insanity defense" must first file a notice under Federal Rule of Criminal Procedure 12.2(a). If a Rule 12.2(a) notice has been filed, and the government moves for an examination under 18 U.S.C. § 4242, the Court "shall" order a Section 4242 psychiatric examination.

Similarly, when a defendant provides notice of an intent to introduce expert evidence relating to the defendant's mental condition under Federal Rule of Criminal Procedure 12.2(b), the court "may," upon motion of the government, order the defendant examined under procedures ordered by the court. *See* Fed. R. Crim. P. 12.2(c)(1).

In either case, the examiner should be asked to give their opinion as to whether, at the time of the acts charged, the defendant was unable to appreciate the nature and quality or the wrongfulness of their acts because of a severe mental disease or defect. And here again, the examiner should be requested to include in their report all the information required by 18 U.S.C. § 4247(c).

## C.     The Court Must Order a Competency Hearing for Defendant Whelan

Dr. Shiener—an expert retained by Defendant Whelan—has concluded that Defendant Whelan "is not competent to stand trial."

Dr. Shiener's opinion constitutes "reasonable cause" to doubt Defendant Whelan's competency, and the United States accordingly moves for a competency hearing under Section 4241.

A competency hearing is therefore required. *See* 18 U.S.C. § 4241(a).

## D.     The Court Must Order a Section 4242 Examination of Defendant Whelan—and That Examination Should Also Address Defendant Whelan's Competency Under Section 4241

Given Defendant Whelan's Notice, the United States also moves for a Section 4242 examination. And here again, the Court must order the same, to determine whether Defendant Whelan understood the nature and quality or wrongfulness of his conduct. *See* 18 U.S.C. § 4242(a).

7

The government further requests that the Court order that this required Section 4242 examination also address Dr. Whelan's competency under Section 4241.

To be clear, while a simultaneous Section 4241 competency examination is not technically required by statute, that request makes good sense because (i) it would not implicate substantial additional resources; and (ii) the Court would benefit from the requested competency analysis prior to the required Section 4241 competency hearing. *See United States v. Wessel*, 2 F.4th 1043, 1059 (7th Cir. 2021) ("commend[ing]" district judge for, *inter alia*, "order[ing] multiple evaluations and competency hearings"); *United States v. Martinez-Haro*, 645 F.3d 1228, 1233 (10th Cir. 2011) ("prudent for the district court to order an additional competency examination"); *see also Benchbook for U.S. District Court Judges*, Section 1.12 (Federal Judicial Center March 2013) (noting that the court "probably should" order a competency evaluation once reasonable cause to doubt the defendant's competency has been established).

Such an order would also comport with the practice, in this circuit, of addressing a defendant's competency prior to a trial implicating the insanity defense. *See, e.g., United States v. Ewing*, 494 F.3d 607, 622–23 (7th Cir. 2007) (describing how district court appropriately relied on a competency evaluation completed one week before a trial wherein defendant advanced an insanity defense).

III. **Conclusion**

By the government's lights, the Court should (i) set a counsel-only status conference in the coming days to discuss these issues, schedule a competency hearing, and confer regarding a new potential trial date; (ii) order a psychiatric examination of

8

Defendant Whelan, to be conducted by the Bureau of Prisons and completed prior to the requested competency hearing, to determine both Defendant Whelan's competency and his capacity to understand the nature and quality or the wrongfulness of his conduct; and (iii) forego ruling on the Notice's timeliness until Defendant Whelan's competency hearing is completed.

Dated at Milwaukee, Wisconsin, this 11th day of November, 2022.

Respectfully submitted,

Gregory J. Haanstad
United States Attorney

By:     */s Kevin Knight*

Julie Stewart
Kevin Knight
United States Attorney's Office
517 E. Wisconsin Ave - Rm 530
Milwaukee, WI 53202
Phone: 414.297.1700