# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: 21-cr-0005 |
| ) | |
| JOHN D. WHELAN, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR IN-PATIENT PSYCHIATRIC EXAMINATION AND MEMORANDUM OF LAW

COMES NOW, Defendant John Whelan, M.D., by and through his attorneys, Ronald Chapman II, and Meggan B. Sullivan, hereby file this Response to the United States' Motion for In-Patient Psychiatric Examination and submits its support rejecting the need for an in-patient examination assessing both Dr. Whelan's sanity and competency and states as follows:

1. Defendant has filed a Notice of Intent to raise the insanity defense.

2. The Government has filed a motion pursuant to 18 U.S.C.§§ 4242 and 4247(b).

3. The Court held a status conference and instructed the parties to inform the Court as to the authority each relies on for their position and a position as to the procedure the Court should follow moving forward.

4. The issue at hand, in its narrowest expression, is whether the defendant loses his condition of release because he is to be examined by the Government. It is the Defendant's position that in the absence of evidence that Dr. Whelan's commitment is necessary, the Court should not exact such a deprivation of Dr. Whelan's liberty as it is not a condition

contemplated by the Bail Reform Act.[1] Due process requires the government, when it deprives an individual of liberty, to fetter his freedom in the least restrictive manner. When a defendant notifies the Government in a criminal case that he plans to plead he was insane at the time of the charged offense, absent a finding that a commitment is necessary, a defendant should not be committed to a federal penal institution for that evaluation.

5. The standard of scrutiny which the Court should apply is clear and convincing evidence and the Government has not provided such proof in its filings. A preponderance of evidence will not support the involuntary commitment of an adult, not charged with a crime to a psychiatric institution; instead, the need for commitment must be shown by clear and convincing evidence.

6. Defendant maintains the proper procedure for the court to follow at this juncture is to hold an evidentiary hearing if the pleadings do not provide sufficient findings of fact and evaluate whether the Government has provided clear and convincing evidence that the conditions of government's psychiatric evaluation should be confinement. The defense maintains at the time of this filings the Government through its filings and declarations has not shown by clear and convincing evidence Dr. Whelan should lose his bail condition because he raised the insanity defense. The defense also maintains that if the testimony at an evidentiary hearing would only reiterate the declarations already filed in this matter, an evidentiary hearing is not necessary.

7. In the case *In re Newchurch*, the Petitioner filed notice of his intention to rely on the insanity defense and the Government then filed a proposed order committing petitioner to the custody of the Attorney General. Petitioner sought modification of that order. The Fifth

---

[1] U.S. Const. amend. VIII, made applicable to the states by the U.S. Const. amend XIV itself protects every person from the deprivation of his liberty without due process of law. Article VIII prohibits excessive bail.

2

Circuit Court of Appeals vacated the order committing petitioner and directed the district court to hold an evidentiary hearing to decide the conditions of government's psychiatric evaluation of petitioner under 18 U.S.C.§§ 4242, 4247. [2]

8. In the case *United States v. Gomez-Borges*, defendant filed a motion under Fed. R. Crim. P. 12.2(b) as to his mental capacity bearing upon the issue of guilt. After a hearing, the court requested the Government to file a motion informing as to time frames of the mental evaluation sought by the Government under 18 USC 4242, 4247(b) under the alternatives as to in patient as well as outpatient basis. The Court ordered a psychiatric medical evaluation of defendant to be performed in an outpatient basis within the time frame of the Insanity Defense Reform Act of 1984 because the matter had due process ramifications and the need for commitment was not demonstrably necessary.[3]

9. If a district court's sole rationale for choosing a custodial format for the examination of defendant is its subjective experience in other cases, then it abuses its discretion as a matter of law because the district court cannot otherwise receive evidence upon which to base a custodial finding for defendant's examination or make explicit factual findings that would allow the appellate court to determine whether it properly exercised its discretion.[4] The Government's comparison of Dr Shiener's report to another case is an attempt to persuade the Court to make a subjective finding it is prohibited from. Essentially, we know a District Court needs enough case specific information to formulate an opinion as to need and as to a particular defendant. The district court should not rubber stamp the Government's request for a custodial evaluation.

---

[2] *In Re Newchurch*, 807 F.2d 404 (1986).
[3] *United States v. Gomez-Borges*, 91 F.Supp. 2d 477 (2000 US Dist. LEXIS 4571).
[4] *United States v. Song*, 530 Fed. Appx. 255, 255, 2013 U.S. App. LEXIS 12999, *1, 2013 WL 3186440.

10. The Government states that the parties agree, given Dr. Shiener's report, the Court should order an additional psychiatric examination, addressing both Dr. Whelan's sanity and competency in advance of a formal competency hearing. The parties do not agree the Court should order an additional psychiatric exam but recognize the Court's authority to make that decision.

11. The Defendant recognizes under 18 U.S.C.§ 4247(b), the Court shall order a psychological examination upon the Government's motion. This section however contemplates that an evaluation has not already been completed. While the Court shall order a psychiatric evaluation, it is not mandatory that evaluation be done in custody or even voluntarily in-patient placement.[5]

12. Fed. R. Crim. P. 12.2(b) requires a defendant who intends to introduce expert testimony relating to a mental disease or defect or any other mental condition bearing upon the issue of his guilt to notify the attorney for the government of his intention in writing and to file a copy of the notice with the clerk of court. Rule 12.2(b) provides that in an appropriate case the court *may,* on motion of the attorney for the government, order the defendant to submit to an examination pursuant to 18 U.S.C. § 4242.

13. Title 18 of the United States Code, Part III involves "Prison and Prisoners" and it includes chapters 301-319. Title 18, Part III, Chapter 313 is titled "Offenders with Mental Disease or Defect" and contains section 4247. The Government fails to make any arguments how a part of the US Code involving "Prisons and Prisoners" applies to a defendant on pretrial release. It also fails to inform the Court of its authority under this part of the US Code

---

[5] 18 U.S.C. 20, 4241-47 provides that, upon filing a notice that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the government, shall order that a psychiatric or psychological examination of the defendant be conducted.

pertaining to "Prisons and Prisoners" and this chapter dealing with imprisoned offenders with mental disease gives the Court authority to take into custody a defendant on pretrial release.

14. It is Defendant's position that the court does not have authority under section 4247 to commit a defendant on pretrial release without a factual finding by clear and convincing evidence confinement is necessary as to this Defendant. Defendant instructs the Court to look to the caselaw supporting this position and for direction as it is not expressly given statutorily.

15. In making a determination as to whether a defendant can be examined as an outpatient, a district court should consider the purpose of the examination, the availability and competency of experts in the vicinity of the court, and the fact that the question of competency to stand trial is for the court, the issue of insanity at the time of the offense is for the trier of fact, to be determined on the same basis as its evaluation of all other evidence.[6]

16. The record in this case does not reveal specific factual findings on which the Court can justify committing defendant for a custodial examination. The suggestion by the Government that Dr. Whelan is malingering is baseless and conjecture alone. The defense has already presented the Court with prima facie evidence that he is not malingering with Dr. Shiener's report.[7]

17. The Court should ignore the Government's suggestion that the Court should somehow consider past cases involving Dr. Shiener or past cases based on the experience of those experts' providing declarations. The Court should not at the Government's behest

---

[6] *In re Newchurch* at 3-4.
[7] Attachment No. 1, Dr. Shiener Report.

undertake to evaluate the quality of outpatient examination as opposed to an examination conducted in the custody of the Attorney General solely based on its personal experience or the past experience of other experts for that experience is neither a matter of record, a subject of cross examination nor a question of susceptible review on appeal.

18. The Government also fails to articulate any reason in this case or under these circumstances why it would decide to forego even their own past policy regarding defendant on pretrial release and out of custody evaluations. The Department of Justice Criminal Resource Manual states CRM 64 that initial competency examination of defendants free on bail should normally be made locally by private psychiatrists or on an outpatient basis at a hospital or clinic. The use of local examiners whenever possible is important to obviate extensive travel by Bureau of Prisons psychiatrists and to avoid the due process issues arising from unnecessary infringements of a defendant's liberty interests.

19. Should the Court confine defendants raising a defense of insanity it would create a chilling effect in this case and others if attorneys must advise clients that to maintain an insanity defense they must "first go to prison for 30 to 45 days".

20. Due process requires the government, when it deprives an individual of liberty, to fetter his freedom in the least restrictive manner. Here, that manner is outpatient evaluation. Even when a governmental purpose is legitimate and substantial that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.[8]

21. The Government urges this Court that inpatient is necessary but only supports that position with conjecture about Dr. Whelan which fits the narrative of their case not actual facts

---

[8] *Aptheker v. Secretary of State*, 378 US 500, 508, 84 S.Ct. 1659, 1665, 12 L.Ed. 2d 992 (1964).

about Dr. Whelan. All of these issues the Government will bring before the jury. Unlike the question of competency to stand trial, the defendant's insanity at the time of the offense is a question for the jury and the Government uses arguments, instead of facts, in its filing to persuade the Court that a restrictive custodial evaluation is necessary. All the *government persuasions* in its filings are proper for a jury, not a determination by the Court as to *necessity* of a custodial evaluation.

22. This Court's order to confine Dr. Whelan for an evaluation will in fact require his confinement for forty-five or more days in an institution hundreds of miles from both his home and the place of trial. The deprivation is not necessary to diagnose dementia and it will further harm Dr. Whelan's already failing health.[9] The deprivation of his liberty will also mean forfeiture of employment and render the promise of family and attorney visits illusory. The statue does not require a defendant to undergo such a confinement as the price of entering a plea of insanity. Insanity is an affirmative defense and Congress has decided that the government is entitled both to notice that a defendant will admit that he committed an unlawful act but seek to escape criminal consequences by pleading his insanity at the time and to a fair opportunity to have experts examine him to contest his plea. This demands only a reasonable opportunity to make such an examination and a fair chance to rebut the defense. Incarceration for a month and a half or more should not be imposed unless it is demonstrably necessary. The Government can adequately prepare for trial on the insanity issue by having the defendant examined as an outpatient. They have already demonstrated through the filing of declarations the ability to cross exam Dr. Shiener.

---

[9] See Dr. Shiener's Declaration filed under Seal contemporaneously herewith.

**WHEREFORE,** the Defendant prays this Court issues findings of fact on the pleadings filed in this matter and on this issue that the Government has not by clear and convincing evidence shown a need that Dr. Whelan be confined, and an inpatient evaluation be performed in response to the Government's motion. Defendant requests that in response to the Government's Motion for a competency and insanity at the time of the offense evaluation, the Court order that be accomplished outpatient by a local psychiatrist of the Court's choosing.

Dated: December 13, 2022.  Respectfully Submitted,
CHAPMAN LAW GROUP

*/s/ Ronald W. Chapman, II*
Ronald W. Chapman II, Esq., LL.M. (MI Bar P73179)
*Counsel for Defendant Whelan*
1441 West Long Lake Road, Ste 310
Troy, Michigan 48098
T: (248) 644-6326/F: (248) 644-6324
RWChapman@ChapmanLawGroup.com

*/s/ Meggan Bess Sullivan*
Meggan Bess Sullivan, Esq., (TN Bar No. 33067)
*Counsel for Defendant Whelan*
424 Church Street
Suite 2000
Nashville, TN 37219
(615) 457-0449
MSullivan@ChapmanLawGroup.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the Defendant's Motion was filed and sent to Julie F. Stewart and Kevin Knight, Assistant United States Attorney, Office of the U.S. Attorney for Eastern District of Wisconsin, via the Court's CM/ECF system on December 13, 2022.

      */s/ Ronald W. Chapman, II*
      Ronald W. Chapman II, Esq., LL.M.
      Michigan Bar No. P3179
      *Counsel for Defendant Whelan*