| From: | Meggan B. Sullivan |
|---|---|
| To: | Knight, Kevin (USAWIE); Ronald Chapman II |
| Cc: | Stewart, Julie (USAWIE) |
| Subject: | [EXTERNAL] Re: Whelan |
| Date: | Thursday, December 15, 2022 6:42:52 PM |

We are awaiting Dr Shiener declaration which is the sealed document you mentioned but I will like file unsealed as soon as we get it

**MEGGAN BESS SULLIVAN** | Of Counsel
White Collar Defense and Government Investigations

Based in Chapman Law Group's Nashville Branch
Phone: (615) 457-0449
Email: msullivan@chapmanlawgroup.com
Web: www.chapmanlawgroup.com

Download our FREE GOVERNMENT HEALTHCARE INVESTIGATIONS GUIDE!
and our FREE ULTIMATE HEALTHCARE COMPLIANCE GUIDE!



This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify us at (248) 644-6326.

**From:** Meggan B. Sullivan <msullivan@chapmanlawgroup.com>
**Sent:** Thursday, December 15, 2022 6:34:00 PM
**To:** Knight, Kevin (USAWIE) <Kevin.Knight@usdoj.gov>; Ronald Chapman II <rwchapman@chapmanlawgroup.com>
**Cc:** Stewart, Julie (USAWIE) <Julie.Stewart@usdoj.gov>
**Subject:** Re: Whelan

I don't want to split hairs. I don't have your exact words in front of me at the moment. While we don't think there is a "need" for it, we recognize you are authorized to ask for it.

There is no dispute the government can ask for one and the court shall order it under 4247.

The dispute is essentially and the issue before the court is how it should be done. Obviously we filed a notice of intent to raise the insanity based on our independent evaluation and provided that report to you. We intend to rely on that at trial and do not agree another one is necessary however we recognize your authority to ask for it.

I'm not sure an entirely separate filing on this issue is warranted as it amounts to splitting hairs essentially but I appreciate you asking for clarification and hopefully this response obviates the need for your reply to our response.

**MEGGAN BESS SULLIVAN** | Of Counsel
White Collar Defense and Government Investigations

Based in Chapman Law Group's Nashville Branch
Phone: (615) 457-0449
Email: msullivan@chapmanlawgroup.com
Web: www.chapmanlawgroup.com

Download our FREE GOVERNMENT HEALTHCARE INVESTIGATIONS GUIDE!
and our FREE ULTIMATE HEALTHCARE COMPLIANCE GUIDE!



EXHIBIT 3



This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you received this email in error, please immediately notify the sender and delete the original.

**From:** Knight, Kevin (USAWIE) <Kevin.Knight@usdoj.gov>
**Sent:** Thursday, December 15, 2022 5:01:30 PM
**To:** Meggan B. Sullivan <msullivan@chapmanlawgroup.com>; Ronald Chapman II <rwchapman@chapmanlawgroup.com>
**Cc:** Stewart, Julie (USAWIE) <Julie.Stewart@usdoj.gov>
**Subject:** Whelan

Meggan,

Your latest brief, [74], references an accompanying sealed document – can you please send us a copy of the same? If it's just Dr. Shiener's report, you should know that it is publicly available at [74-1].

I had a few other questions after reading your brief:

- Is it now defendant's position that the Court should not order an additional evaluation? That is not the position you took on the record a few weeks ago.
    - *Compare* Dkt. No. [74] at ¶ 10 ("The parties do not agree the Court should order an additional psychiatric exam . . . .") *with* Audio Recording of 11/29/22 Status Conference, 4:10 – 5:20 (Government Counsel: "It's my understanding that the defense at this point doesn't object to a psychiatric examination of Dr Whelan" to address sanity and competency, and they agree "that cause exists to have a competency hearing after that competency evaluation is completed. I don't know that we've reached alignment as to where and how the requested psychiatric examination should take place, but as I say Judge, I think we've generally reached alignment with Dr. Whelan's counsel about the need for an evaluation and competency hearing. Subject to Your Honor's additional questions." The Court: "Thank you. Ms. Sullivan, is that all correct?" Defense Counsel: "Yes, Your Honor. The gist of the disagreement is whether that evaluation should be done through a commitment order and inpatient evaluation or an outpatient evaluation by a doctor the parties can agree on.").
- Relatedly, is it defendant's position that the Court should assess defendant's competency using only Dr. Shiener's report?

Please advise via email, as we intend to file a reply brief shortly.

Thanks.

Kevin Knight

Assistant United States Attorney
Eastern District of Wisconsin
414.297.1083