UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JOHN D WHELAN,

        Defendant.

Case No. 21-cr-0005-bhl-1

## ORDER

On October 31, 2022, Defendant John D. Whelan filed notice of his intention to raise an insanity defense. (ECF No. 65.) The notice indicated that counsel had retained psychiatrist Gerald Shiener, M.D., to evaluate Whelan, and Dr. Shiener's conclusions necessitated notice pursuant to Fed. R. Crim. P. 12.2. After receiving Dr. Shiener's report, the government filed a November 11, 2022 "combined motion," asking the Court to hold a competency hearing and to order a psychiatric examination of Whelan "to determine both Defendant Whelan's competency and his capacity to understand the nature and quality or the wrongfulness of his conduct." (ECF No. 67 at 2.) The government also requested that the examination be conducted by the Bureau of Prisons (BOP) at an in-custody BOP facility.

At a November 29, 2022, counsel-only status conference, the parties presented their differing views on how the examination should be conducted, including whether the Court should order Whelan taken into BOP custody for the evaluation. Given the agreed-upon need for the examination, the Court removed the impending pretrial and trial dates from the Court's calendar and set a briefing schedule to address the examination procedure. The Court also set a further hearing for December 20, 2022.

Consistent with the Court-ordered schedule, the government filed a brief in support of its position on December 6, 2022. Whelan filed a response on December 13, 2022. The Court's minute order did not call for further briefing, but both parties nevertheless submitted additional

briefs on December 16, and 19, 2022. With the matter (more than) fully briefed, the Court cancelled the December 20, 2022 hearing.

"The procedure and test for evaluating competency are codified at 18 U.S.C. §4241." *United States v. Wessel*, 2 F.4th 1043, 1053 (7th Cir. 2021). Section 4241 provides that after the commencement of a prosecution, the government may move for a hearing to determine the defendant's mental competency. *See* 18 U.S.C. §4241(a). "The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Prior to the hearing, the Court "may" order that a psychiatric or psychological examination be conducted and that a related report be filed with the Court. *See* 18 U.S.C. §4241(b).

It is within the court's discretion to commit the defendant to a suitable facility for the psychiatric examination ("custodial" or "inpatient" evaluation) or, alternatively, to order an outpatient evaluation. *See* 18 U.S.C. §4247(b) (stating that "[f]or the purposes of an examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility."); *In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986) (recognizing that the district court is empowered to either "commit the defendant to the custody of the Attorney General . . . [or] order that the [psychiatric] examination be made in some other manner" based on the circumstances of the case). After the examiner's report is submitted, the Court conducts an evidentiary hearing, pursuant to the provisions of 18 U.S.C. §4247(d). If the Court finds by a preponderance of the evidence that the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent . . . the court shall commit the defendant" to the Attorney General's custody so that competency might be restored. *Id.* at §4241(d).

For purposes of determining whether to commit a defendant for an in-custody mental examination, the statutory language of 18 U.S.C. §4247(b) does not distinguish between defendants who are on pre-trial release and those who are detained. Rather, courts generally consider whether the government can demonstrate sufficiently compelling interests warranting commitment of the defendant that outweigh the defendant's liberty interests. *See United States v. Deters*, 143 F.3d 577, 584 (10th Cir. 1998) (affirming district court's order to commit defendant who was not in custody for a psychological examination where the government interest in

preventing further delay was "sufficiently weighty"); *United States v. Gomez-Borges*, 91 F. Supp. 2d 477, 481 (D. P.R. 2000) (finding that filing for incompetency on the eve of trial did not warrant the commitment of defendant for an inpatient evaluation); *United States v. Krauth*, No. 09-3044, 2010 WL 428969, at *5-6 (N.D. Iowa Feb. 2, 2010) (holding that the government did not demonstrate compelling interests warranting deprivation of defendant's liberty where there were no advantages to impatient rather than outpatient evaluation).

In *Newchurch*, the Fifth Circuit vacated the district court's order committing the defendant to the custody of the Attorney General for a psychological examination because the government had not provided evidence that the commitment of the defendant was necessary or preferable to an outpatient evaluation. 807 F.2d 404 at 408. The Court reached this conclusion based, in part, on the due process clause's guarantee that the government will "not imprison or otherwise physically restrain a person except in accordance with fair procedures." *Id.* Accordingly, when the government "deprives an individual of liberty, [it must] fetter his freedom in the least restrictive manner." *Id.* "A person accused of a crime should not therefore be deprived of personal liberty unless his confinement is reasonably necessary to assure his presence at trial or to protect some other important governmental interest." *Id.* The government must offer evidence establishing "the presence of compelling government interests," which would require a competency examination be conducted pursuant to a custodial commitment, instead of an outpatient basis. *See United States v. Neal*, 679 F. 3d 737, 741 (8th Cir. 2012); *Deters*, 143 F.3d at 582-84.

The government argues that Whelan may be a malingerer and therefore an inpatient evaluation conducted by the Bureau of Prisons is the best way to determine Whelan's competency while ferreting out whether he is malingering. (ECF No. 73 at 2-3, 7-8.) The Court is unpersuaded by the government's argument. While the potential for malingering is a legitimate concern, the government's contention that Whelan may malinger is at this point speculative. Moreover, even if there is the potential for malingering, the government has not shown that an able medical professional conducting a competency evaluation on an out-patient basis would not be able to identify any potential malingering while also diagnosing Whelan's competency. Given the liberty interests at stake, absent such evidence, the government has not convinced the Court that Whelan's commitment is necessary.

The Court also finds defendant's citation to the Department of Justice's Criminal Resource Manual persuasive. That guidance provides that "initial competency examinations of defendants

free on bail should normally be made locally by private psychiatrists or on an outpatient basis at a hospital or clinic. The use of local examiners whenever possible is important to obviate extensive travel by Bureau of Prisons psychiatrists and to avoid the due process issues arising from unnecessary infringement of a defendant's liberty issues." (ECF No. 74 at 6 quoting U.S. Dep't of Justice, Criminal Resource Manual CRM 64.) Whelan is currently on pretrial release and should not lose his freedom because he raised the issue of competency and sanity absent compelling circumstances. Due process requires the government, when it deprives an individual of liberty, to fetter his freedom in the least restrictive manner. The Court concludes an out-of-custody examination by a qualified psychiatrist or psychologist is preferable to an in-custody examination which would unnecessarily deprive Whelan of his liberty. The Court will order, however, that the out-of-custody evaluation take place over a prescribed period of time. Moreover, if the appointed medical professional deems it necessary, Whelan must submit to evaluation on multiple dates so that the competency evaluation is reliable and any potential malingering exposed.

The government also used its briefing to take issue with the substance and sufficiency of Dr. Sheiner's report. (ECF No. 73 at 9-10.) Those issues are not presently before the Court. If there is a question as to the admissibility or persuasiveness of Defendant's expert's opinions, those can be taken up in pretrial motions or cross-examination.

The parties are directed to meet and confer to agree on a mutually acceptable psychiatrist or psychologist for the examination. The parties must file a joint status report no later than January 16, 2023, indicating whether they have reached agreement on an acceptable medical professional and, if so, the anticipated schedule for completing the examination and report. If the parties are unable to reach agreement, the Court will appoint an expert.

Accordingly,

**IT IS ORDERED** that the government's Motion for a Psychiatric Exam (ECF No. 67) is hereby **GRANTED** as follows:

1. Pursuant to 18 U.S.C. §§4241(b), 4242(a), and 4247(b), a psychiatric or psychological examination of Whelan shall be conducted on an out-of-custody basis by a licensed or certified psychiatrist or psychologist.

2. The parties are directed to meet and confer and endeavor to agree on a mutually acceptable psychiatrist or psychologist for the examination. The parties must file a joint status report no later than **January 16, 2023**, indicating whether they have reached agreement on a

medical professional and, if so, the anticipated schedule for completing the examination and report. If the parties are unable to reach agreement, the Court will appoint an expert.

      3. Whelan shall cooperate fully in the examination and shall report to the assigned location on the dates and at the times designated for that purpose.

      4. Pursuant to 18 U.S.C. §4247(c), a psychiatric or psychological report shall be filed with the Court, with copies provided to counsel, and shall include the following:

      (a) Whelan's history and present symptoms;

      (b) a description of the psychiatric, psychological, and medical tests that were employed and their results;

      (c) the examiner's findings;

      (d) the examiner's opinions as to the diagnosis, prognosis, and whether Whelan is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly his defense; and

      (e) the examiner's opinion regarding whether Whelan was insane at the time of the offense charged.

      5. This ruling is without prejudice and may be revisited if circumstances so warrant.

Dated at Milwaukee, Wisconsin on December 21, 2022.

                                                                    s/ *Brett H. Ludwig*
                                                                    BRETT H. LUDWIG
                                                                    United States District Judge