UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                        Case No. 21-CR-5 (BHL)

JOHN D. WHELAN,

        Defendant.

## JOINT STATUS REPORT

The United States of America, by and through its undersigned attorneys, and Defendant John D. Whelan, by and through his undersigned attorneys, hereby respectfully submit this Joint Status Report and state as follows:

1. Defendant Whelan was indicted for conspiring to distribute controlled substances outside the course of a professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); and making false statements to federal agents, in violation of 18 U.S.C. § 1001. *See* Dkt. No. [1]. He was arraigned in January 2021 and pled not guilty. *See* Dkt. No. [5].

2. This matter was most recently set for trial on February 27, 2023. *See* Dkt. No. [62].

3. On October 25, 2022, Defendant Whelan's counsel sent government counsel correspondence expressing Defendant Whelan's intention to raise an insanity defense at trial. Appended to defense counsel's letter was a report by Dr. Gerald Shiener, who concluded that (i) Defendant Whelan was not able to understand the nature and quality or the wrongfulness of the misconduct described in the indictment; and (ii) Defendant Whelan was not competent to stand trial in this matter.

4. The parties conferred regarding this correspondence on October 26, 2022, and October 31, 2022.

5. On October 31, 2022, Defendant Whelan's counsel filed a Notice that reflected his intention to raise an insanity defense at trial. *See* Dkt. No. [65]. The Notice does not address Dr. Shiener's conclusion that Defendant Whelan is not competent to stand trial. *Id.*

6. On November 1, 2022, the Court asked the government to file a response to the Notice. *See* Dkt. No. [66]. The government was specifically instructed to address whether it objects to the Notice as untimely and what effect, if any, the Notice had on the February 2023 trial date. *Id.*

7. On November 11, 2022, the government filed a combined Motion for Psychiatric Examination and Response to Defendant Whelan's Insanity Notice. *See* Dkt. No. [67]. The government explained that in light of Dr. Shiener's report, it believed the Court should (i) order a psychiatric evaluation of Defendant Whelan, to determine both his competency and his capacity to understand the nature and

quality or the wrongfulness of his conduct; (ii) forego ruling on the Notice's timeliness until Defendant Whelan's competency hearing is completed; and (iii) set a counsel-only status conference in the coming days to discuss these issues, as the current trial date likely cannot stand given recent developments.

8. After the requested status conference, the parties submitted additional briefs regarding, *inter alia*, the form of the contemplated psychiatric evaluation. *See* Dkt. Nos. [73, 74, 75, 76].

9. The Court then granted the government's motion for an evaluation. *See* Dkt. No. [80]. The Court ordered that, *inter alia*, Defendant Whelan submit to an "out-of-custody" examination designed to address both his competency and sanity. *Id.* The Court also ordered the parties to meet-and-confer regarding a mutually acceptable psychiatrist or psychologist to conduct the examination. *Id.*

10. On January 16, 2023, the parties filed a joint status report recommending that the examination be conducted by Dr. Sara Swanson. *See* Dkt. No. [81]. Subsequently, this Court ordered the parties to file a joint status report informing the Court as to when Dr. Swanson's report will be completed. *See* Dkt. No. [82].

11. The parties have conferred with each other and Dr. Swanson, and anticipate that Dr. Swanson will meet with Dr. Whelan to conduct the examination on March 30, 2023. Dr. Swanson will need several weeks after that examination to complete her report. As such, the parties anticipate that Dr. Swanson's report will be completed by May 1, 2023.

12. The parties request that the Court order the parties to submit an additional status report to the Court regarding these issue on or before May 6, 2023. The parties also jointly request that the Court make a speedy trial finding that time is excluded through that same date.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2023.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By:     *s/ Julie F. Stewart*
        Julie F. Stewart
        Kevin C. Knight
        Assistant United States Attorneys

&

JOHN D. WHELAN
Defendant

By:     *s/ Meggan B. Sullivan*
        Ronald Chapman II
        Meggan B. Sullivan
        Counsel for Defendant Whelan