UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 21-CR-5 (BHL)

JOHN D. WHELAN,

        Defendant.

## JOINT STATUS REPORT

The United States of America, by and through its undersigned attorneys, and Defendant John D. Whelan, by and through his undersigned attorneys, hereby respectfully submit this Joint Status Report and state as follows:

1. Defendant Whelan was indicted for conspiring to distribute controlled substances outside the course of a professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); and making false statements to federal agents, in violation of 18 U.S.C. § 1001. *See* Dkt. No. [1]. He was arraigned in January 2021 and pled not guilty. *See* Dkt. No. [5].

2. This matter was most recently set for trial on February 27, 2023. *See* Dkt. No. [62].

3. On October 25, 2022, Defendant Whelan's counsel sent government counsel correspondence expressing Defendant Whelan's intention to raise an insanity defense at trial. Appended to defense counsel's letter was a report by Dr. Gerald Shiener, who concluded that (i) Defendant Whelan was not able to understand the nature and quality or the wrongfulness of the misconduct described in the indictment; and (ii) Defendant Whelan was not competent to stand trial in this matter.

4. The parties conferred regarding this correspondence on October 26, 2022, and October 31, 2022.

5. On October 31, 2022, Defendant Whelan's counsel filed a Notice that reflected his intention to raise an insanity defense at trial. *See* Dkt. No. [65]. The Notice does not address Dr. Shiener's conclusion that Defendant Whelan is not competent to stand trial. *Id.*

6. On November 1, 2022, the Court asked the government to file a response to the Notice. *See* Dkt. No. [66]. The government was specifically instructed to address whether it objects to the Notice as untimely and what effect, if any, the Notice had on the February 2023 trial date. *Id.*

7. On November 11, 2022, the government filed a combined Motion for Psychiatric Examination and Response to Defendant Whelan's Insanity Notice. *See* Dkt. No. [67]. The government explained that in light of Dr. Shiener's report, it believed the Court should (i) order a psychiatric evaluation of Defendant Whelan, to determine both his competency and his capacity to understand the nature and

quality or the wrongfulness of his conduct; (ii) forego ruling on the Notice's timeliness until Defendant Whelan's competency hearing is completed; and (iii) set a counsel-only status conference in the coming days to discuss these issues, as the current trial date likely cannot stand given recent developments.

8. After the requested status conference, the parties submitted additional briefs regarding, *inter alia*, the form of the contemplated psychiatric evaluation. *See* Dkt. Nos. [73, 74, 75, 76].

9. The Court then granted the government's motion for an evaluation. *See* Dkt. No. [80]. The Court ordered that, *inter alia*, Defendant Whelan submit to an "out-of-custody" examination designed to address both his competency and sanity. *Id.* The Court also ordered the parties to meet-and-confer regarding a mutually acceptable psychiatrist or psychologist to conduct the examination. *Id.*

10. On January 16, 2023, the parties filed a joint status report recommending that the examination be conducted by Dr. Sara Swanson. *See* Dkt. No. [81]. Subsequently, this Court ordered the parties to file a joint status report informing the Court as to when Dr. Swanson's report will be completed. *See* Dkt. No. [82].

11. In that status report, the parties expressed their belief that Dr. Swanson's work would be completed by May 1, 2023, after an examination by Dr. Swanson of Dr. Whelan on March 30, 2023. See Dkt. No. [83]. After reviewing the parties' status report, the Court ordered that the parties file another status report on these issues on or before May 6, 2023. See Dkt. No. [84].

12. Dr. Whelan appeared at Dr. Swanson's office for his examination on March 30, 2023, as scheduled. Dr. Swanson reported that Dr. Whelan could not finish the examination that day due to fatigue. The examination was scheduled to resume on March 17, 2023, but Dr. Whelan did not appear as scheduled. The examination was again rescheduled to May 22, 2023. The examination has now been completed.

13. In the course of her evaluation, Dr. Swanson explained to the parties that her work would benefit from review of Dr. Whelan's prior medical records. On May 5, 2023, Dr. Whelan's counsel agreed to provide those records. The parties represented in the last status report that Dr. Whelan's counsel "agree[d] to provide these records as requested and anticipates they will be produced before the May 22, 2023, appointment." See Dkt. No. [85].

14. Dr. Whelan's counsel did not provide Dr. Whelan's medical records by May 22, 2023. The United States followed up as to that request on May 25, 2023, and on June 2, 2023, but received no response.

15. On June 6, 2023, Attorney Sullivan indicated that she would provide the records soon, and on June 9, 2023, Dr. Whelan's counsel provided a download link. Those files did not, however, contain Dr. Whelan's medical records. Instead, the uploaded files included only the materials that Dr. Whelan's counsel provided to their expert, Dr. Shiener. They consisted primarily of the discovery in this matter.

16. On June 9, 2023, counsel for the government spoke with Dr. Whelan's counsel. Dr. Whelan's counsel indicated that they did not produce Dr. Whelan's personal medical records because they did not have those records in their possession and had not attempted to obtain them. Counsel for the government reiterated what Dr. Swanson had requested, and what Dr. Whelan's counsel had agreed to provide, were Dr. Whelan's medical records *in addition* to any documents that Dr. Shiener had reviewed.

17. On June 9, 2023, Dr. Whelan's counsel agreed that they would work to obtain Dr. Whelan's medical records as previously agreed. To that end, Dr. Whelan's counsel contacted Dr. Shiener, who confirmed that he did obtain Dr. Whelan's personal medical records and had them in his possession. Dr. Whelan's counsel represented that they would obtain those records and provide them to government's counsel and Dr. Swanson by June 12, 2023.

18. The parties spoke again in the early afternoon of June 12, 2023. Dr. Whelan's counsel confirmed that other than the records in Dr. Shiener's possession, which consist of records from a general practitioner and one set of hospital records including a CT scan, Dr. Whelan has no other medical records.

19. At 1:51 p.m. on June 12, 2023, Dr. Whelan's counsel provided government counsel and Dr. Swanson a copy of the medical files described in paragraph 18. Dr. Whelan's counsel has represented that they are unaware of any additional medical records at this time.

20. Because Dr. Whelan's medical records have only been provided to Dr. Swanson today, the parties have been unable to confirm with Dr. Swanson how long she needs to complete her report, but the parties anticipate that it will not take long.

21. Given the numerous delays to date, and the length of time this case has been pending, the parties request that this court set a telephonic status conference the week of June 26, 2023, with the hope that Dr. Swanson's report will be completed, and the Court can set any additional proceedings as warranted by her findings. Alternatively, if Dr. Swanson's report is not yet completed by that date, the parties believe that a telephonic status hearing will still be beneficial in moving the proceeding forward.

22. The parties also jointly request that the Court make a speedy trial finding that time is excluded through that same date.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2023.

        Respectfully submitted,

        GREGORY J. HAANSTAD
        United States Attorney

By:   *s/ Julie F. Stewart*
      Julie F. Stewart
      Kevin C. Knight
      Assistant United States Attorneys

& 
        JOHN D. WHELAN
        Defendant

By:   *s/ Meggan B. Sullivan*
      Ronald Chapman II
      Meggan B. Sullivan
      Counsel for Defendant Whelan