# AFFIDAVIT OF MEGGAN BESS SULLIVAN, ESQ.

Comes now the Affiant, Meggan Bess Sullivan, and after being duly sworn, hereby states on oath as follows:

1. I am Meggan Bess Sullivan. I am over the age of eighteen and competent to testify herein. I have personal knowledge of the facts contained in this Affidavit and I am only attesting to my personal observations, rather than to special conversations or privilege communications with my client.

2. I am an attorney licensed to practice law in the state of Tennessee. My area of practice is federal criminal law.

3. I am counsel of record for John Whelan in the case pending in the Eastern District of Wisconsin.

4. I have reviewed the Indictment in the matter of *United States v. John Whelan* and I am familiar with the legal issues, elements and available defenses in this matter. I have represented multiple prescribers accused of unauthorized dispensation of controlled substances in federal district courts. My last trial was in the matter of *United States v. Dr. Thomas Sachy* in the Middle District of Georgia in May of 2023. I am very familiar with the degree of participation a physician prescriber defendant must take in order to assist in their own defense. In these trials, the defendants regularly communicate and even educate their defense lawyer in the complex issues of prescribing and why they decided their course of treatment was authorized and done so with a legitimate medical purpose.

5. In a post *Ruan v. United States* world, it is imperative that the defendant provide the attorney will the mental process he engaged in during the treatment of patients at the time of the offense. Dr. Whelan's memory is so unreliable it is impossible for him to assist me in the very important subjective intent mens re portion of his defense.

6. I have regularly communicated with John Whelan over the last two (2) years. Without waiving attorney-client privilege, I have found it difficult to explain basic legal principles to him and a strategy for moving forward on all his legal matters. I have to repeat myself many many times and I am still not confident he will remember the contents of our conversations. Despite repetition, it was often clear that he was not comprehending or retaining the information that I provided to him. He would ask the same questions multiple times even after we discussed matters on multiple occasions.

7. I have attended and observed meetings between John Whelan and Ms. Patricia Putney and my observations included Dr. Whelan's inability to recall facts in the indictment, his inability to answer both mine and Ms. Putney's questions, his inability to focus for long periods of time, his inability to provide us with information we request to aid in his own defense and his inability to understand even basic legal theories.

8. During my representation of Dr. Whelan, he cannot remember that I do not represent him in the other matters and only the criminal matters, the dates of meetings, the discussions we have during meetings or even that a meeting took place at all. He also cannot remember facts about the offense conduct and cannot assist me in the investigation of those facts. I cannot possible meet my ethical obligations to Dr. Whelan to investigate conduct thoroughly without a reliable recall of the facts surrounding the offense conduct.

9. At times, he calls me at all hours of the night and multiple times in a row. Sometimes these repetitive calls are as many as five or six in a row. Sometimes Dr. Whelan will call three or four times in one hour about the same time and date of a hearing. He does not remember even one hour early that I gave him a time and date for an upcoming hearing.

10. Based on my experience as a federal criminal lawyer, Dr. John Whelan will not be able to testify on his behalf in either his medical board matter or his criminal matter because of his obvious confusion, his inability to recall facts, his inability to intelligently waive his trials rights like the right to testify or participate in his defense with me because of his significant difficulties with memory.

FURTHER, THE AFFIANT SAYETH NOT.

*Meggan Bess Sullivan*

**STATE OF TENNESSEE** )
)
**COUNTY OF DAVIDSON** )

Sworn to and subscribed before me this 8th day of September 2023.

NOTARY PUBLIC

My Commission Expires:

7/7/2025