IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 2:21-cr-00005 |
| v. ) | Hon. Brett H. Ludwig |
| JOHN D. WHELAN ) | |
| Defendant | |

## POSITION REGARDING PRESENTENCING REPORT AND MEMORANDUM IN AID OF SENTENCING

COMES NOW, the Defendant JOHN WHELAN (hereinafter "Dr. Whelan"), by and through his attorney, Meggan Bess Sullivan, the law firm of Chapman Law Group, and respectfully submits the following Position Regarding Presentencing Report and Sentencing Memorandum. It should be noted that the Letters of Support on behalf of Dr. Whelan were filed as attachments to this Memorandum and Position Regarding the Presentencing Report.

Dr. Whelan has no Objections to the Presentencing Report and the parties believe an accurate understanding of the case is reflected in the plea agreement accepted by the Court.

The Sentencing is presently scheduled for Monday, March 4 at 9:30 a.m. It is respectfully submitted that at a sentence of fifteen months represents a sentence that is no greater than necessary to satisfy the goals of sentencing and any other additional sentence be home confinement; is sufficient to reflect the seriousness of the offense; and demonstrates respect for the law based upon the following:

1. **Age** - USSG §5H1.1 and 18 USC §3553(a)(1) - At almost 78 years old, Dr. Whelan is most likely one of the oldest defendants to ever be sentenced in the federal criminal judicial system.

2. **Mental Condition** - USSG §5H1.3 and 18 USC §3553(a)(1) - As more fully explained below, Dr. Wheland was examined by physicians who found as follows:

(a) Depression: while no longer on the medication, Dr. Whelan has been prescribed anti-depressants by his primary care physician. His depression causes him to isolate himself to deal with stress. His day to day life consists of little to no mobility and watching television during home isolation.

(b) Cognitive Impairment: Dr. Sarah Swanson and Dr. Gerald Sheiner disagree as to the severity of the impairment however both doctors reports at least mile cognitive impairment. Dr. Sheiner concluded Dr. Whelan diagnosed him with Major Neurocognitive Disorder.

3. **Physical Condition** – USSG §5H1.4 and 18 USC §3553(a)(1) and §3553(a)(2)(D) - Dr. Whelan's current medical condition which includes[1]:

(a) alcoholism;
(b) likely early Alzheimer's dementia (neurocognitive disorder), mild; and
(c) brain atrophy based upon brain scan results.
(d) mobility problems and inability to walk more than six feet
(e) Type 2 diabetes
(f) heart failure and hypertension
(g) incontinence

4. **A Career of Helping Others** - 18 USC §3553(a)(1) - During his medical career spanning almost six decades, Dr. Whelan has cared for thousands of patients with a long history of compassionate care prior to the decline of his practice and this criminal conduct.

5. **First Time Offender** - 18 USC §3553(a)(1) – Dr. Whelan has been licensed to practice medicine for over forty years. The charges that Dr. Whelan was found guilty of occurred during 2018, and thus this is Dr. Whelan's first offense and these offenses occurred when he was 73 years old. Dr. Whelan lead at exemplary life up until that point in time.

---

[1] Current list of medications are listed at PSR ¶ 79.

**6. Low Risk of Recidivism** - § 3553(a)(2)(C) – At the age of 78, there is a very low if nonexistent risk of recidivism especially in light that Dr. Whelan's DEA Registration was taken away prior to the trial. In addition, Dr. Whelan has relinquished his medical license.

**7. Sentence Provides the Defendant with Needed Medical Care** - §3553(a)(2)(D) – Section 3553(a)(2)(D) requires the judge to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . ." As more fully explained below, it would be difficult to imagine that any BOP facility could be able to afford the type and level of medical care that a 78-year-old would require.

**8. Sentence Avoids Unwarranted Disparities** - 18 USC §3553(a)(6) - As more fully explained below, such a sentence would avoid unwarranted sentencing disparities as compared with other cases involving physicians in the Eastern District of Wisconsin and elsewhere.

### SENTENCING MEMORANDUM

**I. DEPARTURES PURSUANT TO SECTION 5, PART H – SPECIFIC OFFENDER CHARACTERISTICS THAT ARE APPLICABLE TO THIS CASE A. U.S.S.G. § 5H1.1 –**

**Age Section 5H1.1 of the United States Sentencing Guidelines entitled "Age (Policy Statement)" states as follows**:

Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction). (Emphasis added).

1. Probation's Position – As set forth on Page 31, Part E, "Factors that May Warrant A Sentence Outside the Guidelines," the Probation Officer identified § 5H1.1, "Age," as potential grounds for departure, explaining that, "ran a legitimate medical practice for years prior to his involvement in this case. He is now 77 years old and has a number of health issues which affect his daily life."

2. Argument in light of the fact that it is uncontroverted that Dr. Whelan is one of the oldest defendants to face sentencing in the federal criminal system, if the § 5H1.1 Age Departure is not applicable to Dr. Whelan , to whom could it possibly be applicable? The following cases are relevant to this issue:

> 1. *United States v. Dusenberry*, 9 F.3d 110 (6th Cir. 1993) (Unpublished) - downward departure from range of 121-151 months to 60 months due to age and medical condition; and
>
> 2. *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (downward departure from 151 months to 72 months due to age, prior minimal record and medical condition.

Finally, as pointed out in the United States Department of Justice Office of the Inspector General report entitled "The Impact Of An Aging Inmate Population On The Federal Bureau Of Prisons, 9, 10 (May 2015)", older adults are vulnerable to abuse and victimization by younger inmates.

**U.S.S.G. § 5H1.3 – Mental Condition**

Section 5H1.3 of the United States Sentencing Guidelines entitled "Mental and Emotional Conditions (Policy Statement)" states, in pertinent part, as follows: Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree

and distinguish the case from the typical cases covered by the guidelines. See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure) . . . (Emphasis added).

In 2023, the defense filed a motion for mental competency and a variety of physicians with different specialties evaluated Dr. Whelan and a summary of their uncontroverted findings and conclusions are set forth below:

1. Dr. Sara Swanson: mild cognitive decline
2. Dr. Gerald Shiener: Major Neurocognitive Disorder

**Physical Condition Section U.S.S.G. § 5H1.4 states as follows:**

Section 5H1.4 of the United States Sentencing Guidelines entitled "Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction (Policy Statement)" states, in pertinent part, as follows: Physical condition … may be relevant in determining whether a departure is warranted, if the condition … individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment. . . . In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. See §5C1.1, Application Note 6. (Emphasis added).

Dr. Whelan's medical and physical conditions are worsening as evidenced by the fact that, since being indicted, Dr. Whelan has been taken to hospitals on more than one occasion. The aggregate effect of all of his medical conditions and his age are extraordinary physical impairments. In addition, the defendant's physical ailments have been observed by this Court during court appearance and are significant and when combined with his age may warrant consideration from the Honorable Court to consider a downward departure. In the following cases,

the courts have permitted a downward departure or variance based upon medical / physical condition:

      1. *United States v. Alemenas*, 553 F.3d 27 (1st Cir. 2009) – 43-month variance based on defendant's chronic neck pain, and mental and emotional condition.

      2. *U.S. v. Kemph*, 2009 WL 667413 (4th Cir. March 13, 2009) (Unpublished) - departure from range of 292-365 months to 240 months based upon

**USSG §5H1.4-Physical impairment due to asbestosis, glaucoma, chronic pulmonary lung disease, hypertension and psychiatric conditions**.

Dr. Whelan suffers from hypertension and diabetes and the best medical care in the ongoing medical care he is receiving now. Polypharmacy (prescribing for multiple medical conditions), particularly among the elderly, is difficult to manage and likely not possible in the BOP system.

    *United States v. Duhon*, 541 F.3d 391 (5th Cir. 2008) - upholding probation in light of first-time offender's need to continue medical treatment with his psychologist.

    *U.S. v. Martin*, 363 F.3d 25, 49 (1st Cir. 2004) – "A court may find such an extraordinary impairment justifying a downward departure pursuant to USSG 5H1.4 when imprisonment would threaten or shorten a defendant's life or when the Bureau of Prisons would be unable to adequately meet the defendant's medical needs."

## II. *UNITED STATES v. BOOKER* AND RELATED CASES

In *United States. v. Booker*, 125 S.Ct. 738 (2005), the United States Supreme Court held that the sentencing guidelines are advisory and not mandatory. "No limitation shall be placed on the information concerning the background, character and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence." Id. at 760. In *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), the Supreme Court stated that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." Although the district court must consider the Guideline recommendation, the district court cannot impose a sentence that is greater than necessary to

accomplish the sentencing goals set out in § 3553(a). Id. In *Gall v. United States*, 128 S.Ct. 586, 595 (2007), the Court emphasized that sentencing judges do not need extraordinary reasons to sentence a defendant outside the guidelines range. Based upon the foregoing, it is clear that this court has very broad sentencing discretion, limited only by reasonableness and the duty is to impose the least amount of time necessary to achieve the purposes set forth in §3553(a). Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough* at 559.

### III.. TITLE 18, UNITED STATES CODE, § 3553(a) AND APPLICATION OF § 3553 FACTORS TO THIS CASE

Title 18, U.S.C. § 3553 entitled "Imposition of a Sentence" states, in pertinent part, as follows: (a) Factors to be Considered in Imposing a Sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(3) to afford adequate deterrence to criminal conduct;
(4) to protect the public from further crimes of the defendant; and
(5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Application of Guidelines in Imposing a Sentence.—

In general.— Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission . . . Section 3553(a) requires a district court to

impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). In *Rita v. United States*, 551 U.S. 338, 364 (2007), the Supreme Court held that "Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable or public services are not ordinarily considered under the Guidelines. These are, however, matters that § 3553(a) authorizes the sentencing judge to consider." In *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the Ninth Circuit stated that "a district court must apply the factors enumerated in 18 U.S.C. § 3553(a) factors in its sentencing decision. imposing a sentence, among other things. See also*, United States v. Ameline*, 409 F.3d 1073, 1092-1093 (9th Cir. 2005) - "In the post-Booker world, district courts must consider the factors provided in 18 U.S.C. § 3553(a) in fashioning the appropriate sentence for the individual defendant."

**A. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

In United States v. Chase, 560 F.3d 828, 830-831 (8th Cir. 2009), the Eighth Circuit stated that ". . . factors such a defendant's age, medical condition, prior military service, family obligations, . . . can form the bases for a variance even though they would not justify a departure . . . Chase's advanced age, prior military service, health issues, and employment history were all factual bases that would warrant a downward variance . . ." As more fully explained above, it is respectfully submitted that the Court consider:

    1. Dr. Whelan's age of 77;
    2. Dr. Whelan deteriorating medical condition;
    3. Dr. Whelan's deteriorating physical condition;
    4. Dr. Whelan's treatment of patients for decades; and

5. This is Dr. Whelan's first offense, noting that Dr. Whelan had been practicing medicine for forty years or more.

**B. § 3553(a)(2)(A) – Sentence Reflects the Seriousness of the Offense to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

This offense is a deviation from Dr. Whelan's otherwise law-abiding life.

**C. § 3553(a)(2)(B) – Sentence Affords Adequate Deterrence to Criminal Conduct**

Section 3553(a)(2)(B) requires the judge to consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." Dr. Whelan has already been adequately deterred by the fact that his DEA registration has been taken away. In addition, emphasis should be placed upon Dr. Whelan's age and worsening medical condition.

**D. § 3553(a)(2)(C) – Sentence Protects the Public from Further Crimes of the Defendant –**

Dr. Whelan Poses a Low Risk of Recidivism Section 3553(a)(2)(C) requires the judge to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." This purpose relates to both the defendant's risk of recidivism and the danger, if any, posed by the defendant. See *United States v. Rosales Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015). Dr. Whelan has essentially been a law-abiding citizen all his life.

Protection of the public can adequately be addressed by a sentence of fifteen months. Due to Dr. Whelan's age, he presents a low risk of recidivism. A sentence which includes incarceration above fifteen months is greater than necessary, and a sentence of home confinement over that amount is appropriate due to Dr. Whelan's criminal history score of one. There is no indication that Dr. Whelan poses a risk of recidivism. No compelling rehabilitation need would be served by any term of incarceration. At the age of almost 78, the likelihood of recidivism by Dr. Whelan is very low to non-existent. *Gall v. United States*, 128 S.Ct. 586, 593, 599; *United States v. Hodges*, 2009 WL 366231 (E.D.N.Y. Feb. 12, 2009); and Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12, 28 (2004) ("Recidivism rates decline

relatively consistently as age increases"). The following courts have recognized that rates of recidivism decline as age increases:

      1. *United States v. Saenz-Nunez,* 2011 WL 6013477 (D. N.M. Nov. 28, 2011) - granting four-level downward departure in part because, at 53 years old, defendant was less likely to recidivate).

      2. *United States v. Phinney*, 599 F. Supp. 2d 1037 (E.D. Wis. 2009) – sentence of 6 months custody despite Guidelines range of 37-46 was justified based upon his age and health issues.

      3. *United States v. Thomas*, 595 F.Supp.2d 949 (E.D.Wis. 2009) (Considering defendant's age, limited prior criminal history, and personal characteristics including time spent in the army, weight, district court imposed 5 months in custody and 5 months home detention with three years' supervised release, where guidelines recommended 27-33 months imprisonment).

      3. *United States v. Carter,* 538 F.3d 784 (7th Cir. 2008) - 24-month sentence affirmed where guideline range was 87-108 months, based in part that defendant was 61.

      4. *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005) - departing downward sixty months for 57-year-old defendant based on lower recidivism rates for older defendants.

**E. §3553(a)(2)(D) – Sentence Provides the Defendant with Needed Medical Care**

Section 3553(a)(2)(D) requires the judge to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . ." The "kind of sentence" available is not only about prison, versus halfway house, versus home confinement, versus probation. It includes whether and where "educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D), is available. The "kind" of sentence available in prison may not provide adequate medical care. Since being indicted, Dr. Whelan has been taken to hospitals on more than one occasion for falls and other health conditions, which is compelling evidence that Dr. When would not be able to obtain the type of care needed in a prison facility for very long. As his ages in the next two years, his medical conditions will likely worsen and he will need additional and more advanced medical care before too much longer.

In the following cases, the courts have permitted a downward departure or variance based upon medical/physical condition:

1. *United States v. Alemenas*, 553 F.3d 27 (1st Cir. 2009) – 43-month variance based on defendant's chronic neck pain, and mental and emotional condition.

2. *United States v. Kemph*, 2009 WL 667413 (4th Cir. March 13, 2009) (Unpublished) – departure from range of 292-365 months to 240 months based upon USSG §5H1.4-Physical impairment due to asbestosis, glaucoma, chronic pulmonary lung disease, hypertension and psychiatric conditions.

3. *United States v. Duhon*, 541 F.3d 391 (5th Cir. 2008) – upholding probation in light of first-time offender's need to continue medical treatment with his psychologist.

4. *United States v. Martin*, 363 F.3d 25, 49 (1st Cir. 2004) – "A court may find such an extraordinary impairment [justifying a downward departure pursuant to USSG 5H1.4] when imprisonment would threaten or shorten a defendant's life or when the Bureau of Prisons would be unable to adequately meet the defendant's medical needs."

**F. §3553(a)(6) – Sentence Avoids Unwarranted Sentence Disparities**

Section 3553(a)(6) requires the judge to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Courts must consider how similarly situated defendants are sentenced.

**IV. LETTERS OF SUPPORT**

Letters of Support from the following individuals will be filed separately and are incorporated by reference herein:

1. Alton McFarlan
2. Kristal Phillips
3. Samantha Phillips
4. Lenita Sumayah
5. Britney Whelan
6. Alta Joliffe
7. Heather Juliana

**IV. CONCLUSION**

For the reasons set forth above, Dr. Whelan respectfully requests that, after consideration the departures set forth in Section 5H and the factors set forth in §3553(a), the Court sentence Dr. Whelan to fifteen (15) months and any additional sentence to be serve be home confinement. This sentence is justified and appropriate considering the unique facts of this case.

DATED this 27th day of February, 2024      MEGGAN BESS SULLIVAN

*/s/ Meggan Bess Sullivan, 33067*
*TN BAR.*
424 Church Street
Suite 2000
Nashville, TN 37219
(615) 457-0449
msullivan@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on 2/27/2024 , I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to any involved non-participants.

*/s/ Meggan Sullivan*
Meggan B. Sullivan (033067)
Counsel for Defendant Whelan
MSullivan@ChapmanLawGroup.com