UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 21-cr-0005-bhl-1

JOHN D. WHELAN,

        Defendant.

## ORDER DENYING EMERGENCY MOTION FOR SENTENCE REDUCTION AND MEDICAL RECORDS

      Defendant John D. Whelan is currently serving a sentence of forty-eight (48) months' incarceration for conspiring to distribute controlled substances outside the course of a professional medical practice and not for a legitimate medical purpose in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and making a false statement to a department or agency of the United States in violation of 18 U.S.C. §1001. (ECF No. 155.) Whelan is serving his sentence at FMC Rochester in Rochester, Minnesota and has a projected release date of April 16, 2027. *See* https://www.bop.gov/inmateloc/ (last visited 5/2/25.) On March 17, 2025, Whelan's daughters, Heather Whelan and Samantha Phillips, and Whelan's "advocate," Wendy B. Golenbock, submitted an Emergency Motion for Reduction in Sentence ("Compassionate Release" – Debilitated Medical Condition) in which they ask that Whelan be released through the compassionate release process. (ECF Nos. 163 & 163-1.) The Court denied the motion without prejudice on April 21, 2025. (ECF No. 170.) The Court indicated in its ruling that Whelan could renew his motion if his condition worsened or he was able to provide the Court with evidence that substantiates a debilitated medical condition or terminal illness. (*Id.* at 5.) The Court specifically warned that Whelan would also have to show that he had *"*exhausted his administrative remedies at FMC Rochester." (*Id.*)

      On April 30, 2025, Heather Whelan filed a second Emergency Motion to Reduce Sentence and for Medical Records. (ECF No. 171.) Because Whelan has not exhausted his administrative

remedies as required by statute and Seventh Circuit law, the Court will deny Whelan's second motion without prejudice.

## DISCUSSION

Generally, a sentence of imprisonment, once imposed, is "final." 18 U.S.C. § 3582(b). "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)); *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (courts lack jurisdiction after imposing sentence unless "authorized by statute or rule"). A court may not modify a term of imprisonment once it has been imposed except as expressly permitted by Section 3582(c). *See United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014).

Whelan moves for a sentence reduction under the exception provided in 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," which allows a defendant to move for a reduced sentence after exhausting administrative remedies. *Id.* The Court may modify a term of imprisonment when a defendant so moves "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," and the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021) ("the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier") (internal quotations omitted). If a defendant has exhausted his administrative remedies, the defendant must then show "extraordinary and compelling reasons warrant[ing] such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A).

Whelan has not met the threshold requirement of exhausting his available administrative remedies. As explained above and in the Court's prior order, before he can request relief from this Court, he must bring the basis for his request for a sentence reduction to the warden of the institution where he is incarcerated. The Court of Appeals for the Seventh Circuit requires issue exhaustion. *United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021). In other words, the specific grounds upon which a defendant seeks compassionate release must have been presented

to the institution before the Court can consider them. *Id.* at 704 ("[B]ecause [the inmate] never asked the Bureau [of Prisons] to move the district court for his release based on the presence of COVID-19 at his prison and his risk of infection, his counsel could not properly file a motion for compassionate release on that basis."). Ms. Whelan is under the mistaken impression that "[t]he sentencing commission has taken compassionate release out of the hands of the BOP for a reason, and they have given the justices the right to give compassionate release to the elderly under these exact circumstances." (ECF No. 171 at 1.) This is incorrect. The Court may not grant compassionate release until the Bureau of Prisons, the institution in the best position to know the circumstances of the inmate in its care, has been afforded the opportunity to address the issue before the issue is brought to the federal court. The Court specifically stated in its prior order that the Court will review a second motion for compassionate release, *provided that the defendant has exhausted his administrative remedies at FMC Rochester*. (ECF No. 170 at 5 (emphasis added).)

Although the Court is sympathetic to Whelan's medical situation as described by Ms. Whelan and other family members and friends, Ms. Whelan misapprehends the role of the Court in this circumstance. She should be directing her requests and concerns to the Bureau of Prisons and the Warden at FMC Rochester, who is responsible for Whelan's care as an inmate housed in his facility. Ms. Whelan also states she has Power of Attorney for her father and as such, she should be able to access her father's medical records. As required by law, the Court will not review a motion for compassionate release until the defendant has exhausted his administrative remedies at FMC Rochester.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Whelan's second emergency motion for sentence reduction and medical records, ECF No. 171, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on May 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge